# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 29  A 10: 28

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| WILSON AUSTIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| LAMB'S YACHT CENTER, INC., | : | |
| Defendant. | : | NO. CV205-230 |

### O R D E R

Presently before the Court is Defendant's motion to dismiss. Defendant asserts that Plaintiff has failed adequately to provide initial disclosures or respond to discovery requests as directed by the Court in its June 6, 2006, Order.

While Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order or federal rule, the Eleventh Circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it when: (1) a party engages in a clear pattern of delay or willful contempt; and (2) the

AO 72A
(Rev. 8/82)

district court specifically finds that lesser sanctions would not suffice. <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006).

The Court finds insufficient evidence in the record to warrant a finding of contempt and the imposition of sanctions. Accordingly, Defendant's motion (Doc. No. 24) is **DENIED**.

Plaintiff shall make full and complete disclosures within fifteen (15) days from the date of entry of this Order. Failure to comply will result in dismissal of this action.

In light of the foregoing, Plaintiff's request for a hearing on this matter is **DENIED**.

**SO ORDERED**, this ___28___ day of November, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA